**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **PEDRO REYES DAVILA, et al.,** | * | |
| **Plaintiffs,** | * | |
| **v.** | * | **CIVIL NO. JKB-25-3953** |
| **JOSEPH B. EDLOW, et al.,** | * | |
| **Defendants.** | * | |
| | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## MEMORANDUM AND ORDER

Plaintiffs bring this action alleging that the U.S. Citizenship and Immigration Services ("USCIS") has unreasonably delayed the adjudication of their Form I-130 and Form I-485. (*See generally* ECF No. 1.) They bring this action pursuant to the Administrative Procedures Act ("APA"). (*Id.* ¶¶ 6–7, 42–45.) The APA provides that, "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Further, the APA provides that a district court "shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Defendants Joseph B. Edlow (Director, USCIS), Elizabeth Grant (Field Office Director, USCIS), and Kristi Noem (Secretary, U.S. Department of Homeland Security) have filed a Motion to Dismiss. (ECF No. 5.) Defendants argue (1) that the Court lacks jurisdiction because the pace of USCIS' adjudication of the forms is discretionary and (2) that Plaintiff fails to allege a plausible claim of unreasonable or extraordinary delay actionable under the APA. (*Id.*) Thus, in

this seemingly meritless case,[1] the Court is confronted with a question as to its jurisdiction. For the reasons set forth below, the Court will direct supplemental briefing.

"[T]he APA does not permit judicial review of a challenge to 'agency action [that] is committed to agency discretion by law.'" *Lovo v. Miller*, 107 F.4th 199, 210 (4th Cir. 2024) (quoting 5 U.S.C. § 701(a)(2)); *see also Gonzalez v. Cuccinelli*, 985 F.3d 357, 365–66 (4th Cir. 2021) ("[A] § 706 claim can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." (emphasis in original) (citation and internal quotation marks omitted).) "[W]here an agency is *not required* to do something, we cannot compel the agency to act—let alone to act faster." *Gonzalez*, 985 F.3d at 366 (emphasis in original). Neither party substantively engages with these two highly relevant Fourth Circuit cases. *See Lovo*, 107 F.4th at 216 (concluding that "USCIS retains discretion under the regulations to decide if it will adjudicate" provisional waiver applications and that "because neither Congress nor USCIS

---

[1] Plaintiffs allege that they filed the Form I-130 and I-485 on February 28, 2025. (ECF No. 1 ¶¶ 24–25.) Plaintiffs allege that their forms have not been adjudicated, and that "[i]t has been over ten months since Plaintiffs filed their applications and 120 days since their interview with Defendants." (*Id.* ¶ 30.) The Court notes that, at the time Plaintiffs filed the Complaint, the applications had been pending for approximately nine months, not ten months. Plaintiffs assert that "USCIS's Historical National Median Processing Time for All USCIS Offices for Select Forms by Fiscal Year indicates that family-based adjustment of status applications were processed in 7.6 months for fiscal year 2025 and 8.9 years for fiscal year 2024." (*Id.* ¶ 29.) The Court presumes that the reference to "8.9 years" is a typographical error and should read "8.9 months."

Plaintiffs go on to state in their Opposition that "the median processing time for an I-130 Petition for an immediate relative is 12.9 months" and that "eighty (80) percent of cases are adjudicated within 58.5 months." (ECF No. 12 at 3–4.) Given that Plaintiffs' I-130 was filed approximately nine months before they filed their Complaint, with a median processing time of 12.9 months and a processing time of 58.5 months for 80% of cases, it does not appear that the processing of Plaintiffs' I-130 has been significantly delayed.

And, with respect to Form I-485, Plaintiffs explain in their Opposition that "eighty percent of cases are adjudicated within 13.5 months" but that other data reflects that the "median processing time for a family-based adjustment of status is 5.5 months." (ECF No. 12 at 4.) Plaintiffs' I-485 was filed concurrently with their I-130, and the I-130 must be adjudicated first. *See Robledo v. Chertoff*, 658 F. Supp. 2d 688, 691 (D. Md. 2009). Thus, it does not appear that there has been a significant delay with respect to the I-485, both given the time that has passed and given that the I-130 has not yet been adjudicated.

Other cases in this district have involved delays of far longer. *See, e.g., Zdzieborski v. Mayorkas*, Civ. No. JKB-22-1609, 2023 WL 2585533 (D. Md. Mar. 21, 2023) (describing an *eight year* delay in USCIS' adjudication of concurrently-filed Forms I-130 and I-485, and ultimately dismissing the case as moot given USCIS' adjudication of the forms).

2

itself has ever bound USCIS to adjudicate these applications, the federal courts lack jurisdiction to consider Plaintiffs' APA claim."); *Gonzalez*, 985 F.3d at 366–71, 374 n.10 (concluding that USCIS was not mandated to act regarding work authorizations and that its delay with respect to those authorizations was unreviewable, but that its failure to timely adjudicate U-Visa petitions was reviewable).[2]

The Court must assure itself of its jurisdiction before ruling on the merits of this case. The parties will be directed to file simultaneous supplemental briefing in which they must address the relevance and significance, or lack thereof, of these two cases.

Accordingly, it is ORDERED that the parties SHALL FILE supplemental briefing within 14 days of this Order.

DATED this 22 day of June, 2026.

BY THE COURT:

James K. Bredar
United States District Judge

---

[2] Both parties briefly cite *Gonzalez* but neither discusses its applicability to this case with respect to this Court's subject matter jurisdiction.