IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PEDRO REYES DAVILA, et al.,           *

    Plaintiffs,                           *

v.                                    *            CIVIL NO. JKB-25-3953

JOSEPH B. EDLOW, et al.,              *

    Defendants.                           *

                                     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Plaintiffs Pedro Reyes Davila and Jeremy Schultz filed a Complaint.  (ECF No. 1.) Defendants Joseph B. Edlow (Director, U.S. Citizenship and Immigration Services ("USCIS")), Elizabeth Grant (Field Office Director, USCIS), and Kristi Noem (Secretary, U.S. Department of Homeland Security) have filed a Motion to Dismiss. (ECF No. 5.) For the reasons set forth below, the Complaint will be dismissed.  It will be dismissed in part as not ripe and in part for failure to state a claim.

## I.   Factual Background

Plaintiffs bring this action alleging that USCIS has unreasonably delayed the adjudication of their Form I-130 (Petition for Alien Relative) and Form I-485 (Application to Register Permanent Residence or Adjust Status). (*See generally* ECF No. 1.)  Plaintiff Schultz filed a Form I-130 for his husband, Plaintiff Reyes Davila. (*Id.* ¶ 24.)  Plaintiff Reyes Davila concurrently filed a Form I-485. (*Id.* ¶ 25.)  Plaintiff Reyes Davila's Form I-485 is based on his pending status as Plaintiff Schulz's spouse. (*Id.* ¶ 31.)

Plaintiffs allege that they filed these forms on February 28, 2025, and that they attended an interview on August 5, 2025. (*Id.* ¶¶ 24–26.)  Plaintiffs allege that their forms have not been

adjudicated and that "[i]t has been over ten months[1] since Plaintiffs filed their applications and 120 days since their interview with Defendants." (*Id.* ¶ 30.) Plaintiffs assert that "USCIS's Historical National Median Processing Time for All USCIS Offices for Select Forms by Fiscal Year indicates that family-based adjustment of status applications [i.e., Forms I-485] were processed in 7.6 months for fiscal year 2025 and 8.9 years for fiscal year 2024." (*Id.* ¶ 29.) The Court presumes that this is a typographical error and that the Complaint should read "8.9 *months* for fiscal year 2024."

Plaintiffs allege that Defendants have unreasonably delayed in adjudicating the applications. (*Id.* ¶¶ 32–34.) Plaintiffs bring this action pursuant to the Administrative Procedures Act ("APA") (*id.* ¶¶ 6, 42–45), which provides that, "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). It further provides that a district court "shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).[2]

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) is the procedural vehicle by which a party moves to dismiss a case for lack of subject-matter jurisdiction. *See Ali v. Hogan*, 496 F. Supp. 3d 917,

---

[1] Plaintiffs filed their forms on February 28, 2025, and filed their Complaint on December 3, 2025. That is a little over nine months, not ten.

[2] Plaintiffs' Complaint also references the Mandamus Act. However, Plaintiffs only raise an APA claim in the "Claims" section of their Complaint (ECF No. 1 ¶¶ 42–45), so it is not clear whether they sought to raise a mandamus claim.

In any event, "[c]ourts 'lack jurisdiction to decide claims for mandamus relief which would be duplicative of their cause of action under the APA.'" *Joshua v. Jaddou*, Civ. No. 24-00667-JRR, 2025 WL 449001, at *5 (D. Md. Feb. 10, 2025) (quoting *Jahangiri v. Blinken*, Civ. No. DKC 23-2722, 2024 WL 1656269, at *14 (D. Md. Apr. 17, 2024) and collecting cases). Thus, "here, where Plaintiff asserts the same claim under the Mandamus Act and the APA, the court lacks jurisdiction over the duplicative Mandamus Act claim." *Id.* Further, "[e]ven where courts find jurisdiction despite duplicative mandamus and APA claims, they apply the same analysis to both claims such that dismissal of one necessitates dismissal of the other." *Mokuolu v. Mayorkas*, Civ. No. RDB-24-817, 2024 WL 4783542, at *1 n.3 (D. Md. Oct. 1, 2024). Accordingly, Plaintiffs' mandamus claim—to the extent they sought to bring one—is dismissed.

922 (D. Md. 2020) (citing *Taubman Realty Grp. Ltd. P'ship v. Mineta*, 320 F.3d 475, 480–81 (4th Cir. 2003)). "Motions to dismiss for lack of subject matter jurisdiction are properly granted where a claim fails to allege facts upon which the court may base jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). Under Rule 12(b)(1), "[t]he burden of establishing subject matter jurisdiction rests with the plaintiff." *Demetres v. E. W. Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 446 U.S. at 662. A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557).

## III.    Analysis

Defendants argue (1) that the Court lacks jurisdiction because the pace of USCIS' adjudication of the forms is discretionary and (2) that Plaintiff fails to allege a plausible claim of unreasonable delay actionable under the APA. (ECF No. 5.) The Court concludes that it does not have jurisdiction over an unreasonable delay claim with respect to the Form I-485, because that claim is not yet ripe. The Court concludes that it does have jurisdiction over the unreasonable delay claim with respect to the Form I-130, but that Plaintiffs fail to state a claim.

### A. Form I-485

The Court first addresses Plaintiffs' unreasonable delay claim with respect to the adjudication of the Form I-485. That claim is not ripe, given that the Form I-130 must be adjudicated prior to the Form I-485, *see Mestanek v. Jaddou*, 93 F.4th 164, 166 (4th Cir. 2024); *Robledo v. Chertoff*, 658 F. Supp. 2d 688, 691 (D. Md. 2009); *Watkins v. Napolitano*, Civ. No. RWT 11-2257, 2012 WL 4069763, at *1 n.2 (D. Md. Sept. 14, 2012), and Plaintiffs allege that Defendants have not yet adjudicated the Form I-130. Plaintiffs appear to recognize as much, given that they "file[d] this lawsuit in order to ensure the I-130 Petition for Alien Relative . . . is promptly adjudicated, and that Pedro Reyes Davila may obtain permanent residence based on the I-130 Petition." (ECF No. 1 ¶ 3.)[3]

### B. Form I-130

#### 1. Subject Matter Jurisdiction

The Court next turns to whether it has jurisdiction to consider a claim of unreasonable delay with respect to the pending Form I-130 and finds that it does.

"[T]he APA does not permit judicial review of a challenge to 'agency action [that] is committed to agency discretion by law.'" *Lovo v. Miller*, 107 F.4th 199, 210 (4th Cir. 2024) (quoting 5 U.S.C. § 701(a)(2)); *see also Gonzalez v. Cuccinelli*, 985 F.3d 357, 365–66 (4th Cir. 2021) ("[A] § 706 claim can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." (citation and internal quotation marks omitted) (emphasis in original).) "[W]here an agency is *not required* to do something, we cannot compel the agency to act—let alone to act faster." *Gonzalez*, 985 F.3d at 365–66 (emphasis in original).

---

[3] It is not clear that the Court would have jurisdiction over that claim even if it were ripe. *See Mokuolu*, 2024 WL 4783542, at *5 ("Federal courts, including those in the Fourth Circuit, are split as to whether adjudication of a Form I-485 Adjustment of Status Application is a non-discretionary duty."). The Court does not reach that question, given that it is not ripe.

4

To determine whether an agency is required to act, the Fourth Circuit has directed courts to examine the text of the relevant statutes and regulations and has explained that "the presence of unmistakably mandatory language, such as the word 'will,' can provide sufficient evidence of the unequivocal command required for us to hold that an agency is compelled to act[,]" while "explicit references to an agency's discretion, or even to discretionary language, such as the term 'may,' are generally construed as permissive rather than mandatory." *Lovo*, 107 F.4th at 211 (citation and internal quotation marks omitted). To illustrate:

> In *Gonzalez*, we were asked to decide whether federal courts had subject-matter jurisdiction to review USCIS's delays adjudicating 1) applications for work authorization pending U-Visa approval, and 2) U-Visa petitions. The statute addressing work authorization did not mandate adjudication, *see* 8 U.S.C. § 1184(p)(6), and the relevant regulation stated that "USCIS, *in its discretion, may authorize* employment for . . . petitioners and qualifying family members," 8 C.F.R. § 214.14(d)(2) (emphasis added). So, we held that the language in neither the statute nor the regulation was sufficient to mandate USCIS to act regarding work authorization, and its failure to act was therefore unreviewable. *Gonzalez*, 985 F.3d at 366–71.
>
> In contrast, the relevant regulations for the U-Visa petitions provided that "[i]f USCIS determines that the petitioner has met the requirements for U-1 nonimmigrant status, USCIS *will* approve [the U-Visa application]," 8 C.F.R. § 214.14(c)(5)(i) (emphasis added)), and that "[a]ll eligible petitioners who, due solely to [a statutory cap on the number of U-Visas], are not granted U-1 nonimmigrant status *must* be placed on a waiting list," *id.* § 214.14(d)(2) (emphasis added)). Those uses of mandatory language provided no room for agency discretion and therefore established that USCIS "committed itself by regulation to" adjudicate the petitions and to "place eligible applicants on the [U-Visa] waiting list." *Gonzalez*, 985 F.3d at 374 n.10. Since USCIS had so bound itself, its failure to timely adjudicate U-Visa petitions was reviewable. *Id.*

*Id.* at 211.

With that background in mind, the Court concludes that it has jurisdiction to consider a claim of unreasonable delay with respect to the Form I-130. 8 U.S.C. § 1154(b) provides that "[a]fter an investigation of the facts in each case . . . the Attorney General shall, if he determines that the facts stated in the petition are true and that the alien on behalf of whom the petition is made

is an immediate relative . . . approve the petition and forward one copy thereof to the Department of State."

The Court concludes that the use of the word "shall" in 8 U.S.C. § 1154(b) is the kind of "unmistakably mandatory language" that "can provide sufficient evidence of the unequivocal command required for us to hold that an agency is compelled to act." *Lovo*, 107 F.4th at 211. As noted above, the Fourth Circuit has concluded that language such as "if USCIS determines that the petitioner has met the requirements for U-1 nonimmigrant status, USCIS will approve the U-Visa application," is "mandatory language provid[ing] no room for agency discretion." *Id.* at 211 (alterations, internal quotation marks, and citations omitted). Likewise here, where the relevant statute provides that "[a]fter an investigation of the facts in each case . . . the Attorney General *shall*, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative . . . *approve the petition* and forward one copy thereof to the Department of State." 8 U.S.C. § 1154(b) (emphasis added). "A plain-text reading of this language indicates that there is a nondiscretionary duty to adjudicate such petitions." *Sandoval v. Robinson*, Civ. No. 26-00029, 2026 WL 1799692, at *4 (W.D. Va. June 23, 2026).[4]

### 2. Unreasonable Delay

Having concluded that it has subject matter jurisdiction over the unreasonable delay claim of the Form I-130, the Court turns to Defendants' argument that Plaintiffs have failed to state a claim for unreasonable delay. The Court concludes that Plaintiff has failed to state a claim.

---

[4] This reading of the statute is confirmed by the USCIS Policy Manual, which provides that "[i]f the petitioner properly files the petition in accordance with regulations and the form instructions and demonstrates they meet eligibility requirements, then USCIS must approve the petition. Generally, there is no discretionary analysis as part of the adjudication of a family-based immigrant petition, and USCIS cannot deny these petitions as a matter of discretion." (ECF No. 15 (quoting USCIS Policy Manual).)

Plaintiffs did not include in their Complaint any benchmarks against which to measure Defendants' purported delay in adjudicating the Form I-130. The only allegations relating to the typical times of adjudication relate to Forms I-485. (*See* ECF No. 1 ¶ 29 ("USCIS's Historical National Median Processing Time for All USCIS Offices for Select Forms by Fiscal Year indicates that family-based adjustment of status applications were processed in 7.6 months for fiscal year 2025 and 8.9 years[5] for fiscal year 2024.").) Plaintiffs provide additional factual detail in their Opposition, and state that "the median processing time for an I-130 Petition for an immediate relative is 12.9 months" and that "eighty (80) percent of cases are adjudicated within 58.5 months." (ECF No. 12 at 3–4.)

However, "[i]t is axiomatic that a Plaintiff cannot amend a complaint through a responsive pleading." *Winkler v. Medtronic, Inc.,* Civ. No. PX 18-00865, 2019 WL 6052702, at *3 (D. Md. Nov. 15, 2019). Without any benchmarks in their complaint against which the Court might evaluate the reasonableness (or lack thereof) of Defendants' alleged delay, and without alleging any delay that strikes the Court as particularly unreasonable on its face, Plaintiffs fail to state a claim of unreasonable delay. Further, even considering the additional facts Plaintiffs provide in their opposition, Plaintiffs fail to state a claim. Taking Plaintiffs' additional facts as true, given that the median time for processing an I-130 is 12.9 months and that eighty percent of cases are adjudicated within 58.5 months—implying that a full twenty percent of cases take *longer* than 58.5 months to adjudicate—Plaintiffs plainly cannot make a plausible claim of unreasonable delay where their Form I-130 has now been pending for approximately 16.5 months (and where it had been pending for only nine months at the time Plaintiffs' filed their Complaint).

---

[5] Again, the Court presumes that this should read "8.9 *months*."

Courts often use the "*TRAC* factors" from *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) to assess a claim of unreasonable delay. *See Gonzalez v. Cuccinelli*, 985 F.3d 357, 375 (4th Cir. 2021). However, a "district court is not limited to these factors and is not required to use them." *Id.* Here, where the allegations concerning a purported delay are so deficient, it is not clear that the *TRAC* factors provide much analytical utility, given the Court's conclusion above that nothing in Plaintiffs' Complaint suggests an unreasonable delay. However, the Court considers the *TRAC* factors briefly, and concludes that they likewise militate in favor of dismissal.

The six *TRAC* factors are:

(1) the time agencies take to make decisions must be governed by a rule of reason;
(2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
(4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
(5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
(6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*TRAC*, 750 F.2d at 80 (internal citations omitted).

The first and second factors are typically considered together, and focus on the reasonableness of the delay. *See Joshua v. Jaddou*, Civ,. No. 24-00667-JRR, 2025 WL 449001, at *8 (D. Md. Feb. 10, 2025). These factors do not favor Plaintiffs here, where "[t]here is no statutory or regulatory timeframe within which USCIS must adjudicate Form I-130 petitions" and where the "adjudication of the [I-130] remains well within the . . . . completion timeline for eighty percent of cases." *Salami v. Noam*, Civ, No. 25-405, 2025 WL 3240587, at *5 (M.D.N.C. Nov. 20, 2025). Further, "[t]hose courts that have considered the issue have unanimously held that USCIS's 'first in, first out' policy for adjudicating immigration applications like Plaintiff's

8

qualifies as a 'rule of reason,' thus satisfying the first *TRAC* factor." *Verma v. U.S. Citizenship & Immigr. Servs.*, Civ. No. 20-3419 (RDM), 2020 WL 7495286, at *6 (D.D.C. Dec. 18, 2020) (collecting cases); *see also Joshua*, 2025 WL 449001, at *8 (explaining that the first in first out method "constitutes a rule of reason" and collecting cases).

The third and fifth factors are also considered together and focus on a plaintiff's interest, health, and welfare. *See Joshua*, 2025 WL 449001, at *9. Plaintiffs allege that the uncertainty has caused anxiety and emotional distress, but fail to allege any impact that is distinct from other I-130 petitioners. *See Mokuolu*, 2024 WL 4783542, at *7 ("Mokuolu's assertion of mental distress because of the uncertainty of his immigration status is insufficient to allege unreasonable delay under the third or fifth *TRAC* factors.").

The fourth factor "considers the effect of compelling agency action given the agency's competing priorities." *Mokuolu*, 2024 WL 4783542, at *8 (D. Md. Oct. 1, 2024). With respect to this factor, "[c]ourts have repeatedly recognized that compelling action in a given plaintiff's case shifts the processing delay onto other petitioners without improving the agency's efficiency." *Id.*

And finally, with respect to the sixth factor, Plaintiffs have not alleged any bad faith or other nefarious reason for the purported delay in adjudicating the Form I-130.

Thus, the *TRAC* factors weigh in favor of dismissal. Of course, "[t]he processing delay may continue long enough, however, that it becomes unreasonable." *Mokuolu*, 2024 WL 4783542, at *8. The Court will therefore dismiss the Complaint without prejudice. *See id.*

### IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 5) will be granted and Plaintiffs' Complaint will be dismissed. Accordingly, it is ORDERED that:

1. Defendants' Motion to Dismiss (ECF No. 5) is GRANTED;

2. Plaintiffs' Complaint is DISMISSED without prejudice; and

9

3.  The Clerk SHALL CLOSE this case.

DATED this _16_ day of July, 2026.

BY THE COURT:

James K. Bredar
United States District Judge

10